MONCLOVA, DEMANDANTE Y APELANTE, *v.* LA JUNTA DE FARMACIA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un recurso sobre *mandamus.*

No. 1473.—Resuelto en junio 1, 1916.

FARMACIA—JUNTA DE FARMACIA—ASPIRANTES A FARMACÉUTICOS—DIPLOMA DE ALTA ESCUELA—MATRÍCULAS.—La ley de 8 de marzo de 1906 autorizando la organización de una Junta de Farmacia, según fué enmendada por la Ley No. 42 de 10 de marzo de 1910 exige en su sección 7ª. que todo aspirante al título de farmacéutico presente, para poder ser matriculado, como requisito previo, diploma o documento creditivo de haber aprobado las asignaturas del curso científico o literario de una alta escuela de la isla o de una acreditada institución igual o análoga, ya de los Estados Unidos, ya del extranjero, a satisfacción de la junta.

ID.—ID.—ACTOS ULTRA VIRES—DIPLOMA DE ALTA ESCUELA—CALIFICACIÓN DE EXÁMENES.—Procede *ultra vires* la Junta de Farmacia que admite a examen a un aspirante sin haber éste presentado el diploma o documento expresado en la sección 7 de la ley, y procede correctamente cuando se niega a calificar los exámenes sufridos por un peticionario que no ha llenado aquel requisito, aun cuando haya pagado los derechos de matrícula.

ID.—ID.—INTENCIÓN DEL LEGISLADOR—CONOCIMIENTOS PREVIOS—MATRÍCULAS CONDICIONALES.—La intención del legislador fué exigir que los aspirantes al título de farmacia tuviesen ciertos conocimientos antes de comenzar los estudios que acuerda la sección 6ª. de la ley, cuyos conocimientos deben adquirirse previamente y no simultáneamente con los de dicha sección, por lo que no pueden admitirse matrículas condicionales.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Díaz Cintrón.*

Abogados de la apelada: *Sr. Howard L. Kern, Attorney General,* y *Earle T. Fiddler, oficial jurídico.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 15 de enero del corriente año 1916, Pedro A. Monclova presentó en la Corte de Distrito de San Juan, Sección 1ª., una petición de auto de *mandamus* que luego enmendó en 15 de febrero siguiente, contra la Junta de Farmacia, para que se le ordenara hiciera la calificación de los exámenes de las asignaturas del primer curso de farmacia que aquél había sufrido, aprobándolo o suspendiéndolo en los mismos.

Alega el peticionario en apoyo de su pretensión que obtuvo en 22 de junio de 1911 diploma de octavo grado en las escuelas públicas de Juana Díaz; que más tarde en la Alta Escuela de Ponce cursó y aprobó los dos primeros años del curso científico; que en 1914 fué matriculado en el tercer curso de la Alta Escuela de la Universidad de Puerto Rico, cuyo curso aprobó; que en el mismo año fué matriculado en la Junta de Farmacia como aspirante al título de farmacéutico; que en enero de 1915, previo pago de los derechos correspondientes de $10, fué admitido a examen de las asignaturas del primer curso de dicha carrera y de una de las asignaturas del segundo, y que la junta no ha calificado sus exámenes a pesar de haberlo solicitado.

Librado el auto solicitado en forma alternativa o condicional, la demandada formuló excepción previa a la petición al mismo tiempo que contestó, consistiendo aquella excepción en que los hechos alegados no determinaban una causa de acción por cuanto no expresan que el peticionario posea un diploma o documento por el que acredite haber aprobado las asignaturas del curso científico literario de una alta escuela de la isla o de una acreditada institución igual o análoga de los Estados Unidos o del extranjero, a satisfacción de la junta.

Celebrada la vista, la corte, por resolución de 18 de febrero de 1916, estimando bien fundada la excepción previa, anuló el auto librado y declaró sin lugar la petición, contra cuya resolución interpuso Monclova recurso de apelación para ante esta Corte Suprema.

Como muy bien dice la corte inferior, la cuestión planteada por la demandada es tan diáfana y tan clara que su resolución no ofrece dificultad alguna ni requiere mayor argumentación.

La sección 7ª. de la Ley de 8 de marzo de 1906, autorizando la organización de una Junta de Farmacia, según fué enmendada por la Ley No. 42 de 10 de marzo de 1910, dice así:

"Sección 7ª.—En la primera quincena de octubre la Junta de Farmacia formalizará las matrículas de todos los alumnos, presentando éstos al efecto:

"(1) Una solicitud pidiendo ser matriculados.

"(2) Documento que acredite su autenticidad.

"(3) Certificación de conducta.

"(4) Diploma o documento con que se acredite haber aprobado las asignaturas del curso científico o literario de una alta escuela de la isla o de una acreditada institución igual o análoga, ya de los Estados Unidos, ya del extranjero, a satisfacción de la junta."

Como se ve, la ley exige que todo aspirante al título de farmacia presente para poder ser matriculado, como requisito previo, diploma o documento creditivo de haber aprobado las asignaturas del curso científico o literario de una alta escuela de la isla o de una acreditada institución igual o análoga, ya de los Estados Unidos, ya del extranjero, a satisfacción de la junta.

El recurrente Monclova no presentó a la Junta de Farmacia el diploma o documento expresado para obtener la matrícula, y la Junta de Farmacia procedió *ultra vires* al admitirlo a examen, por ser nula la matrícula.

Las disposiciones de la sección 7ª. son mandatorias y no permiten a la junta separarse de ellas. Si como sostiene el apelante en su alegato la matrícula se hizo condicionalmente, o sea, a condición de que terminase luego su curso de alta escuela, esa matrícula no puede ser eficaz a los efectos de poder ser examinado, puesto que la ley no autoriza las matrículas condicionales. La intención de la Legislatura fué exigir que los aspirantes al título de farmacia tuviesen ciertos conocimientos antes de comenzar los estudios que acuerda la sección 6ª. de la ley, y aquellos conocimientos deben adquirirse previamente y no simultáneamente con los de dicha sección 6ª.

El hecho de que Monclova fuera matriculado y admitido a examen previo pago de $10, llegando a sufrir el examen, no favorece su pretensión por tratarse de actos ejecutados con infracción manifiesta de la ley. La Junta de Farmacia procedió correctamente al negarse a la calificación de los actos

de Monclova y no puede ser compelida a hacerlo por no estar obligado a ello.

Alega la parte apelante que esta Corte Suprema en varios casos relativos a la admisión de aspirantes al ejercicio de la abogacía ha autorizado el examen de reválida condicionalmente, reservándose la expedición de la licencia para cuando se hayan producido los documentos que la ley exige como previos a la admisión a examen.

Entre nuestras resoluciones relativas a admisión de candidatos para tomar exámenes de abogado, no encontramos una sola en que se haya permitido a algún peticionario tomar los exámenes y terminar más tarde la educación preliminar.

Procede la confirmación de la sentencia apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.