ANTONIO QUIRÓS SANTIAGO, peticionario y apelante, *v.* JUNTA DE FARMACIA DE PUERTO RICO, compuesta por los Señores CARLOS A. DEL ROSARIO, RAMÓN DAUBÓN, CARLOS GARCÍA DE QUEVEDO, LUIS HERNÁNDEZ, y R. LÓPEZ IRIZARRY, demandada y apelada.

No. 6088.—*Sometido:* Abril 4, 1934. *Resuelto:* Junio 14, 1935.

*A. Quirós Méndez,* abogado del apelante; *Hon. Procurador General Benjamín J. Horton y Felipe Janer, Subprocurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Antonio Quirós Santiago radicó una ·petición solicitando un auto de *mandamus* para que se ordenara a la Junta de Farmacia que reconociera su derecho a ejercer la profesión de farmacia y le entregara su licencia de farmacéutico. La

corte expidió un auto alternativo. La demandada, por conducto de la oficina del Procurador General, contestó, pero después de celebrar una vista, la Corte de Distrito de San Juan declaró sin lugar la petición.

Se adujeron varias defensas; a saber, que por varias razones la junta carecía de facultad o autoridad para cumplir con lo solicitado, *res adjudicata* y abandono. El apelante se basa en diversas leyes de la Legislatura, en haber aprobado los exámenes de farmacia muchos años ha, y, podríamos decir en efecto, dada la aprobación de su examen y las varias leyes, especialmente la (No. 97) de 1931 (pág. 595), en el hecho de que la Junta de Farmacia es la única entidad en Puerto Rico a quien compete autorizar al peticionario a practicar su profesión.

En 1913 ó 1914 el peticionario tomó sus exámenes ante la Junta de Farmacia que entonces existía. Sucede que los miembros individuales de la junta en dicha época resolvieron que el peticionario tenía derecho a ejercer la profesión de farmacia. En su consecuencia, al peticionario se le exigió la suma de $25 por la expedición del diploma o licencia, según sea el caso. Así lo hizo. Entonces se descubrieron fraudes e irregularidades en la expedición de diplomas por la Junta de Farmacia y se adoptaron varias medidas para poner coto a los mismos. Entonces el Tesorero de la Junta devolvió los $25 al peticionario. En el ínterin cinco miembros de la junta habían suscrito un documento, sin fecha, que hacía constar que Antonio Quirós Santiago había cumplido con la ley y que, por tanto, se le expedía una licencia para ejercer la profesión de farmacia de conformidad con la ley de marzo 8, 1906 (pág. 72, Comp. 1741–1765). Este supuesto diploma no estaba fechado ni registrado y nunca fué entregado al peticionario.

Entre otras cosas, el Sr. Daubón, que formaba entonces parte de la junta y que también era uno de los miembros de la junta en la época en que se celebró la vista del caso, declaró que el peticionario había tomado sus exámenes

y los había aprobado satisfactoriamente, por lo menos aquéllos que Daubón había examinado, y que la junta también había convenido en que el peticionario estaba completo. No obstante, más tarde una junta posterior examinó el caso y resolvió, más o menos en armonía con la decisión de este tribunal en el caso de *Monclova* v. *La Junta de Farmacia*, 24 D.P.R. 46, que el peticionario no tenía derecho a su licencia toda vez que no se había matriculado debidamente.

■■ La sección 9 de la Ley (No. 15) de 1921 (Leyes de ese año, página 139) provee:

"Toda persona a cuyo favor se haya expedido una licencia de Farmacéutico sin haber llenado previamente los requisitos prescritos por la Ley, y haya ejercido consecutivamente por un período no menor de tres años, tendrá derecho a ejercer o a continuar ejerciendo la profesión de farmacia, siempre que dicha persona no haya sido convicta de fraude con el propósito de obtener la expedición de la licencia."

El peticionario cita esta ley en el curso de su alegato y hasta cierto punto se funda en ella para demostrar que era innecesario que se matriculara. Sin embargo, conforme lo entendemos, el derecho al auto de *mandamus* en este caso no depende de la referida sección 9 y nos referiremos a esto nuevamente.

En lo que el peticionario se basa es en la ley de 1931 (Leyes de ese año, pág. 595) que dispone lo siguiente:

"Ley para autorizar la entrega de ciertos diplomas retenidos por el *Board* de Farmacia de Puerto Rico, y para otros fines.

"Decrétase por la Asamblea Legislativa de Puerto Rico:

"Sección 1.—Toda persona a cuyo favor se hubiese llenado un diploma de farmacéutico firmado por cuatro o más miembros del *Board* de Farmacia o que aparezca como que ha aprobado todas las asignaturas de la carrera de farmacia en los registros oficiales tendrá derecho a ejercer la farmacia en Puerto Rico siempre que no hubiese cometido fraude en los exámenes; *Disponiéndose,* que la junta de farmacia deberá registrar estos diplomas después de expedidos.

"Sección 2.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Sección 3.—Esta Ley empezará a regir a los noventa días después de su aprobación."

La corte inferior indicó que de acuerdo con la referida ley una persona que había cumplido cualquiera de los requisitos de la misma tendría derecho a ejercer la profesión de farmacia en Puerto Rico, siempre que no hubiera cometido fraude. Entonces la corte resolvió que la primera parte de la ley de 1931 no imponía deber alguno a la junta, que el único deber impuesto más tarde a la junta era registrar los diplomas luego de haber sido expedidos. La corte continuó diciendo que la ley no expresa qué diplomas deben ser inscritos ni quién deberá expedirlos; que no se desprendía que la Junta tuviera obligación alguna de entregar un diploma, etc.; que una licencia no era un diploma y que la licencia (*sic*) que expidieron en este caso no tenía valor, eficacia o efecto legal alguno toda vez que la misma no expresaba la fecha; que el único sitio en que se hablaba de la entrega era en el título, y que el título no constituía la ley.

La ley en verdad no es clara. Empero, la lectura de la misma nos convence plenamente de que ni por ella ni por ninguna otra ley en Puerto Rico la Junta de Farmacia está obligada a expedir licencia excepto cuando el candidato ha cumplido con ciertos requisitos previos y se ha matriculado de conformidad con la ley general. En otras palabras, los deberes de la junta, según las distintas leyes de farmacia de Puerto Rico, son limitados. El peticionario no nos convence de que la Junta de Farmacia tuviera el deber de expedirle una licencia a tenor de la ley de 1931. Dando al peticionario todo beneficio en pro de su reclamación, se desprendería que lo que la Legislatura de Puerto Rico hizo fué autorizar al peticionario a ejercer su profesión en esta Isla bajo las condiciones establecidas en dicha ley, mas esta última no ordenó a la Junta de Farmacia que autorizara al peticionario a ejercer la referida profesión. Podemos repetir que esta autorización provendría de la ley misma.

La petición de *mandamus* en este caso no solicita

de la junta que expida al peticionario la supuesta licencia firmada años ha por los cinco miembros de la junta, sino que solicita en parte de la corte inferior que ordene a la junta que expida al peticionario una licencia. Si éste tenía algunos derechos éstos emanaban de la ley de la Legislatura misma y no necesitaba actuación ulterior de parte de la junta.

El peticionario dice en su alegato que un farmacéutico tendría que exhibir su licencia a fin de poder ejercer la profesión. La sección 5 de la Ley de 10 de marzo de 1910 dispone lo siguiente (Estatutos Revisados de 1911, Sección 1755) :

"Intercalar entre la sección 14 y la siguiente un apartado que diga así: 'Las licencias otorgadas por esta junta o por anteriores juntas deberán estar colocadas en los establecimientos de farmacia donde estuvieren empleados sus respectivos poseedores'."

Esta ley exigiría al peticionario que exhibiera su licencia, de haberla obtenido, pero si la Legislatura expresamente le autoriza a ejercer su profesión, no tendría que exhibirla. Lo que entonces quizá podría hacer sería poner en un marco copia de la ley y obtener copia del documento suscrito por los cinco miembros de la junta hace un número de años.

Decimos todo esto sobre la base de que el peticionario tuviera derecho a que su licencia le fuera expedida después de haber tomado sus exámenes. Sin embargo, tal no era la realidad. Él no se había matriculado debidamente. Conforme leemos la sección 9 de la ley de 1921, la misma no es aplicable a este caso toda vez que, siguiendo su letra estrictamente, ninguna licencia fué realmente expedida al peticionario. Ésta continuó en poder de la junta. No podemos interpretar la sección 9 de la ley de 1921 en el sentido de que es un sustituto de la matrícula. Cualquier licencia que hubiera, quedó viciada al dejarse de cumplir con los requisitos previos.

No hemos prestado gran atención a la cuestión de *res judicata*, pero otra persona de apellido Giol, en unión al peticionario, acudió a la Corte de Distrito de San Juan y su

solicitud fué denegada. No estamos preparados para resolver que la corte de distrito estuvo equivocada al decidir que el demandante estaba impedido (*barred*) ni que no fuera culpable de abandono (*laches*).

■ El auto de *mandamus* no procede en un caso dudoso. Debe desprenderse claramente que la Junta de Farmacia tenía un deber impuesto específicamente por la ley o cualquier inferencia muy necesaria de otras disposiciones de la ley.

*González* v. *Junta Examinadora*, 20 Jurisprudencia Filipina 376, fué un caso en que el peticionario trató de obtener un certificado de la Junta Examinadora de Farmacéuticos de las Islas Filipinas. Los hechos son distintos a los del presente caso. Sin embargo, la corte dijo:

"Es requisito esencial para que se expida el mandamiento de *mandamus* que el demandante tenga un derecho evidente a la cosa que solicita y ha de ser deber ineludible del demandado el de ejecutar el acto requerido. Nunca se expide en casos dudosos. Aunque no sea necesario que el deber sea absolutamente expreso, es preciso que conste de una manera clara. No se expedirá mandamiento alguno para obligar a un funcionario a hacer algo que no está obligado a hacer o cuyo deber es no hacerlo u otorgar al solicitante algo a que no tiene derecho por la ley. El mandamiento ni confiere facultades ni impone deberes. Es simplemente una orden para ejercer una facultad que ya se tiene y cumplir con un deber ya impuesto."

*La sentencia apelada debe ser confirmada.*